IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. ELH-21-0383 |
| MARVIN G. MOBLEY, JR., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**GOVERNMENT'S SUPPLEMENTAL BRIEF CONCERNING THE APPLICATION
OF THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE**

The United States of America, by its undersigned attorneys, respectfully submits this Supplemental Brief Concerning the Application of the Good Faith Exception to the Exclusionary Rule.

On May 26, 2022, the Court held a hearing on the Defendant's motion to suppress evidence. At the conclusion of the hearing, the Court requested that the parties submit simultaneous briefs to address the question of whether, in the analysis of the good faith exception to the exclusionary rule, the Court may consider information known to law enforcement at the time of a warrant application, but outside of the four corners of the search warrant affidavit. ECF No. 35. As explained below, the definitive answer is yes.

The Fourth Circuit tackled this question head on in United States v. McKenzie-Gude, 671 F.3d 452, 459 (4th Cir. 2011). Specifically, the Fourth Circuit considered "whether, in determining an officer's good faith, a court may properly look beyond the facts stated in the affidavit and consider uncontroverted facts known to the officers but inadvertently not disclosed to the magistrate." Id. In McKenzie-Gude, the affidavit in support of the search warrant included evidence to establish probable cause that prohibited weapons would be located in the residence

1

ultimately searched. Id. at 455-56, 459. But law enforcement inadvertently omitted the street address of the target residence, thus failing to establish the "nexus" between the criminal conduct and the home. Id. at 456–58. In holding that the officers could rely on the warrant in good faith, the Fourth Circuit determined that where an officer was aware of uncontroverted facts that supported probable cause but inadvertently failed to disclose such facts to the magistrate judge, the reviewing court could consider those facts in applying the good faith exception. Id. at 460. The court reasoned that when an officer's belief in the existence of probable cause is objectively reasonable, he or she has no reason to second guess the magistrate's decision to issue a warrant and acts in good faith when executing the search. Id. at 459. The court explained that if the known but undisclosed facts allow for "objectively reasonable reliance on the warrant," then the evidence from the search warrant shall not be suppressed. Id. at 461. The court also noted that "[r]efusing to consider such information risks the anomalous result of suppressing evidence 'obtained pursuant to a warrant supported by the affidavit of an officer, who, in fact, possesses probable cause, but inadvertently omits some information from his affidavit.'" Id. at 460 (quoting United States v. Bynum, 293 F.3d 192, 199 (4th Cir. 2002)).

The Fourth Circuit applied this principal again in affirming the district court's denial of a motion to suppress in United States v. Thomas, 908 F.3d 68, 74 (4th Cir. 2018). There, the affidavit did not contain particularized facts establishing a nexus between the place to be searched, which was a cell phone, and the alleged sexual abuse of two victims. The Fourth Circuit affirmed the district court's finding that although the information was left out of the affidavit inadvertently, the officer knew that the victims' mother and one of the victims had reported that the defendant used a phone in furtherance of his criminal conduct—namely, calling the mother to attempt to arrange further interactions with her sons—and could reasonably infer that the cell phone seized

during the arrest was the same phone the defendant had used to contact the mother. Id. The Fourth Circuit also affirmed the district court's determination that although the affidavit lacked any information about when the offenses and phone calls occurred, the investigative officer knew that the defendant had visited a hotel with the victims and tried to contact their mother less than five months prior to the search. Id. Ultimately, the court held that when "assessing the officer's objective good faith," reviewing courts may "look beyond the four corners of the affidavit" and consider "all the circumstances" including "uncontroverted facts known to an officer but inadvertently not presented to the magistrate." Id. at 73; see also United States v. Campbell, 677 F. App'x 838, 839 (4th Cir. 2017) (explaining that "officers possessed but apparently did not divulge to the magistrate the following information strongly suggesting that Campbell resided at the home: they had been surveilling the residence for some time; they had seen Campbell's car parked there on a regular basis; they knew Campbell's girlfriend rented the residence; and they had concluded that this was also his residence. In light of all the circumstances, a reasonably well-trained law enforcement officer objectively would have believed that search was lawful.").

This Court has recognized the existence of this well-established rule. In United States v. Villapando, ELH-16-0159, 2017 WL 1277491 (D. Md. April 5, 2017) (Hollander, J.), this Court observed that "[i]n making a Leon good faith determination, courts may look 'outside the four corners of a deficient affidavit when determining, in light of all the circumstances, whether an officer's reliance on the issuing warrant was objectively reasonable.'" Id. at *13, n.12 (quoting McKenzie-Gude, 671 F.3d at 459).[1] As the case law demonstrates, it is beyond dispute that courts may consider information known to law enforcement officers at the time of a warrant application,

---

[1] In his Motion to Suppress Evidence, the Defendant relied on this Court's opinion in Villapando several times. See Defendant's Motion, ECF No. 18, at 14-15, 23.

but outside of the four corners of the search warrant affidavit.  Here, if the Court looks outside the four corners of the affidavit, the information known to the agents further supports their objective good faith reliance on the warrant in this case.[2]

At the hearing scheduled for June 29, 2022, the Government anticipates calling the affiant, Special Agent Corey Conyers of the Federal Bureau of Investigation, to testify about what he knew, but inadvertently excluded, from the search warrant affidavit.  The Government expects that Special Agent Conyers will testify about, among other things, additional surveillance of the Defendant with Ernest Bailey at Apartment 206, as well as communications between the Defendant and Bailey.

First, with respect to the surveillance of the Defendant going to Apartment 206 during the early morning hours of May 27, 2020,[3] which was shortly after Bailey had returned from Philadelphia on a suspected narcotics resupply, Special Agent Conyers is expected to testify that telephone toll analysis revealed communications between cell phones used by the Defendant and Bailey.  Specifically, Bailey's phone made an outgoing call to the Defendant's phone at approximately 1:15 a.m., while Bailey was inside of Apartment 206.  Bailey's phone then received an incoming call from the Defendant's phone at 1:18 a.m., just before Bailey walked out of Apartment 206 and only a few minutes before the Defendant arrived.  Then, at approximately 2:32 a.m., shortly after Bailey and the Defendant left Apartment 206 and drove away from the Heath

---

[2] As set forth in the Government's Opposition to the Defendant's Motion to Suppress, the Government believes that the search warrant affidavit in this case established probable cause to search the Defendant's residence.  Even if probable cause was lacking, the Government's view is that the good faith exception applies based on the information contained within the four corners of the affidavit.  The evidence outside the four corner of the affidavit provides additional support for applying the good faith exception.

[3] The video surveillance of the Defendant entering Apartment 206 on May 27, 2020 was described in the search warrant affidavit.

Street Lofts, Bailey's phone received two text messages from the Defendant's phone. At approximately 2:33 a.m., Bailey's phone sent one text message back to the Defendant's phone.

Second, Special Agent Conyers is expected to testify about surveillance occurring between July 13-14, 2020, which was similar in many respects to the May 26-27, 2020 surveillance of Bailey's suspected narcotics resupply. Specifically, at approximately 10:05 p.m., location information for a cell phone and a vehicle (a Honda CR-V) used by one of Bailey's associates, Joseph Grigsby, revealed that the phone and vehicle were located in Philadelphia. At 11:06 p.m., the phone and vehicle were traveling down I-95 South. Investigators established physical surveillance and observed Grigsby's Honda CR-V and a 2020 Chevy Tahoe, which was rented by Bailey, driving together in tandem at or below the speed limit. At around 12:22 a.m. on July 14, 2020, the vehicles arrived together at a Royal Farms in Owings Mills. Bailey exited his vehicle, walked over to the Honda CR-V, and appeared to retrieve items from the rear of the Honda. Later that evening, at approximately 1:23 a.m., the covert camera outside of Apartment 206 captured Bailey and the Defendant entering Apartment 206. The Defendant used a key to open the door to Apartment 206. Bailey was observed carrying a blue backpack inside of the apartment. At approximately 1:28 a.m., the covert camera captured Bailey leaving Apartment 206 carrying a black bag. The Defendant remained inside Apartment 206 until approximately 2:18 a.m., at which time the covert camera captured the Defendant leaving Apartment 206 alone, carrying a cell phone in one hand and an unidentified object in the other.

Finally, Special Agent Conyers is expected to testify that at approximately 6:46 p.m. on August 6, 2020, the covert camera outside of Apartment 206 captured the Defendant and Bailey entering Apartment 206. Then, at approximately 7:07 p.m., the Defendant left Apartment 206

carrying a cardboard box. And at approximately 7:19 p.m., Bailey left the apartment holding a black plastic bag in his hands.

Special Agent Conyers is expected to testify that the information summarized above was known to investigators but was inadvertently omitted from the search warrant affidavit. With this additional information, the agents' good faith reliance on the search warrant is even more clear.

The Government also notes that during the May 26, 2022 motions hearing in this case, the Defendant argued that United States v. McCoy, RDB-06-0449, 2007 WL 6846832, at *2 (D. Md. Oct. 24, 2007) was analogous to this case on the issue of establishing a sufficient nexus between criminal activity and a defendant's residence. In McCoy, Judge Bennett concluded that the good faith exception did not apply because the affidavit was bare bones in nature. Id. In support of this conclusion, the Judge Bennett relied on his earlier decision in United States v. Cotton, RDB-05-0409, 2005 WL 3591960 (D. Md. Dec. 23, 2005). Citing Cotton, the court found that the affiant's belief statement that drug traffickers store drug-related evidence in their homes was a conclusory statement that did not establish probable cause and made the affidavit bare bones such that the affiant could not rely in good faith on the judge's issuance of the warrant.

The Fourth Circuit completely rejected this notion in United States v. Williams, 548 F.3d 311, 319 (4th Cir. 2008), where it reversed a similar finding and expressly noted that the holding in Cotton was at odds with Fourth Circuit precedent. The Fourth Circuit held that not only did good faith exist in those circumstances, but that probable cause existed when an affidavit shows: (1) evidence of the suspects' involvement in drug trafficking, combined with (2) the reasonable suspicion—whether explicitly articulated by the applying officer or implicitly arrived at by the magistrate judge—that drug traffickers store drug-related evidence in their homes. Williams, 548 F.3d at 319. Given that the sole reasoning for finding a lack of good faith in McCoy—that the

belief statement that drug traffickers typically keep evidence of drug trafficking in their residences is insufficient to establish probable cause—has been directly rejected by the Fourth Circuit on both probable cause and good faith grounds, McCoy does not support the Defendant's arguments.

For the reasons outlined in the Government's original response to the Defendant's motion to suppress and for the additional reasons described above, the Court should deny the Defendant's motion to suppress evidence.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____
Anatoly Smolkin
Lindsey N. McCulley
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, MD 21201
Tel.: (410) 209-4800
Fax: (410) 962-3124
Anatoly.Smolkin@usdoj.gov
Lindsey.McCulley@usdoj.gov

Dated:  June 3, 2022