IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No.: 1:21-cr-0383-ELH |
| MARVIN G. MOBLEY, | * | |
| Defendant. | * | |

\* * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANT'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Defendant, Marvin G. Mobley, Jr., through his undersigned counsel, respectfully submits this reply to clarify the government's factual misstatements and legal misinterpretations of the defendant's arguments in his Second Supplemental Brief. This reply also sets forth the correct legal standard this Court should use in concluding that the Court may not consider the Omitted Evidence outside the four corners of the Conyers Affidavit in determining whether the Executing Officers acted in good faith.

It is undisputed that for the Court to consider the Omitted Evidence under *McKenzie-Gude*, the government had to establish that the Omitted Evidence 1) consisted of uncontroverted facts; 2) was known to the officers ("Executing Officers") prior to executing the Search Warrant at the Kirkwood Premises; and 3) inadvertently omitted it from the Conyers Affidavit. *United States v. McKenzie-Gude*, 671 F.2d 452, 458 (4th Cir. 2011). As detailed below, the Court should find it cannot consider the Omitted Evidence because the government failed to establish the elements required under *McKenzie-Gude*.

**1. Uncontroverted Acts Versus Controverted Factual Conclusions**

The government failed to satisfy the first element, because it failed to prove the Omitted Evidence consisted of uncontroverted facts of *drug-related activity*. *See* ECF No. 58 at 2-5. To place the Omitted Evidence within the realm of uncontroverted facts under *McKenzie-Gude*,

1

the government had to establish i) the Executing Officers knew the Omitted Evidence was uncontrovertibly drug-related activity, and ii) the justification for concluding so.

### i. No Evidence of Drug-Related Activity

SA Conyers' testimony established, at most, that Mr. Mobley engaged in physical acts but lacked any evidence to show these acts were related to drug activity. In its response, the government argued that facts subject to alternative interpretations are not "controverted," explaining that *McKenzie-Gude* held facts are "uncontroverted" if "they are found through reading documents and records as opposed to looking into the subjective intent of the officers." ECF No. 60 at 1 (citing to *McKenzie-Gude*, 671 F.3d at 461). In supporting this contention, the government cited various case law which applied *McKenzie-Gude*, arguing those cases admitted facts that could have been irrelevant to criminal activity. ECF No. 60 at 1-2.

The government misunderstood the defendant's argument. The defendant does not dispute the fact that the Omitted Evidence uncontrovertibly and factually established phone calls and text messages between Mr. Bailey and Mr. Mobley on May 26, 2020. The defendant also does not dispute the facts the Omitted Evidence uncontrovertibly and factually established Mr. Mobley was observed outside Apartment 206 on July 14, 2020, and August 6, 2020. What the defendant disputes is that these acts were uncontrovertibly criminal in nature.

As argued in the Defendant's Motion to Suppress Evidence, probable cause requires the government to establish a nexus between 1) the defendant and criminal activity; 2) the target property and criminal activity; and 3) the defendant and target property. ECF No. 16 at 12-17. In *McKenzie-Gude*, the uncontroverted fact was of the third type of nexus required that defendant McKenzie-Gude lived at the target property. *McKenzie-Gude*, 671 F.3d at 458. This fact spoke for itself, and its conclusion of factual residency was clear on its face. Such is not the case for the Omitted Evidence .

For the Omitted Evidence to amount to "uncontroverted facts" supporting the Executing Officer's objectively reasonable reliance on the Conyers Affidavit, the government had to show not only which facts the Executing Officers relied on, but also that these facts were consistent with drug-related activity. The government in *McKenzie-Gude* did not need to establish the omitted fact amounted to criminal activity because the government offered it to establish the defendant's factual residence. Here, the government is not trying to prove the fact that Mr. Mobley actually called and texted Mr. Bailey, or that he was physically present at Apartment 206 on July 14 and August 6; it is trying to admit these facts to support its argument that these acts were criminal in nature to support the Executing Officer's reliance on them to satisfy the nexus requirements in establishing probable cause. Because the government has failed to show that the Omitted Evidence was of Mr. Mobley's drug-related activity, the Omitted Evidence does not consist of uncontroverted facts as required by *McKenzie-Gude*.

ii. No Justification for SA Conyers' Subjective Belief

The defendant further argued that the Omitted Evidence remains irrelevant to the current inquiry, absent testimony as to its significance. ECF No. 58 at 14-16. Therefore, even if the Omitted Evidence could be considered, the government failed to show the Executing Officer's reliance on it was reasonable because there is no evidence showing the Omitted Evidence demonstrated any drug-related activity.

In response, the government argued the defendant is viewing the testimony in a vacuum, and instead must view the Omitted Evidence in conjunction with the Conyers Affidavit. ECF No. 60 at 8. The defendant does not dispute this claim. Indeed, the purpose of the *McKenzie-Gude* inquiry is to determine whether the Omitted Evidence can be viewed in conjunction with the Conyers Affidavit. The government, however, attempts to expand the scope of *McKenzie-Gude* to permit the justification provided for conclusions included in the affidavit to be applied

3

to all facts omitted from the affidavit without limitation. No courts have permitted such an expansion.

The defendant argued that without any indication of the significance of the Omitted Evidence, the Omitted Evidence amounts to stand-alone facts that have no connection to the probable cause or good faith inquiry. ECF No. 58 at 14-16. In response, the government argued the Conyers Affidavit did provide the connection between the Omitted Evidence and probable cause of criminal activity because SA Conyers alleged that, based on his training, knowledge, and experience, he believed Mr. Mobley was packaging narcotics while inside Apartment 206 on May 27, 2020. ECF No. 60 at 8.

First, from a factual standpoint, the recitation of the Conyers Affidavit is incorrect. The government argued "the affidavit states that it was SA Conyers's belief, based on training, knowledge, and experience, that Bailey and the Defendant met at Apartment 206 to engage in a drug transaction" presumably referring to the May 27, 2020, surveillance. ECF No. 60 at 8. This is factually incorrect. In fact, as the defendant argued in his Motion to Suppress Evidence, SA Conyers included this allegation as a conclusory statement without justification. ECF No. 16 at 7-12. In the Conyers Affidavit, SA Conyers alleged the following:

> k. Specifically, I believe that BAILEY brought narcotics into the apartment, that BAILEY and MOBLEY then stored or packaged the narcotics for distribution, and that BAILEY then brought distribution-ready narcotics out of the apartment.
>
> Conyers Aff. ¶ 21(k).[1]

---

[1] SA Conyers alleged three conclusions based on his training, experience, and knowledge of the investigation in other parts of the affidavit The first was that Mr. Grigsby travelled to Philadelphia to obtain narcotics on behalf of or in conjunction with Mr. Bailey. *Id.* at ¶ 21(i). The second was that the Philadelphia trip was significant because observations demonstrated "trail cars" to protect and alert drug trafficking organizations ("DTO"). *Id.* The third was that Mr. Bailey was using Apartment 206 as a stash location. *Id.* at ¶ 21(l).

4

Nowhere in this paragraph, or the Conyers Affidavit as a whole, does SA Conyers allege he believed Mr. Mobley was engaged in a drug transaction on May 27, 2020, inside Apartment 206, *based on his training, knowledge, and experience*—as the government wrongly claims.

Second, assuming *arguendo* the government's factual recitation of the Conyers Affidavit was correct, the government's argument still fails as it has no legal basis. Under the government's recitation, SA Conyers alleged in the Conyers Affidavit that he believed the defendant was engaged in drug-related activities inside Apartment 206 on May 27 based on SA Conyers' training, knowledge, and experience. Premised on this assumption, the government argues the law permits the court to use that basis to reach the same conclusion—that the defendant was engaged in drug-related activities–from a completely different set of facts included in the Omitted Evidence. It would follow that, under *McKenzie-Gude*, the Court could consider the Omitted Evidence even where SA Conyers did not testify that he believed the Omitted Evidence was of drug-related activities nor as to why he believed so.[2] The government cites no legal authority for such an expansion of *McKenzie-Gude*.

The government's interpretation, however, would make *McKenzie-Gude* wholly irrelevant here. The government's interpretation would be tantamount to the court taking judicial notice, permitting it to automatically assume, without additional evidence, that with any and all facts SA Conyers testifies to, he both i) concluded those facts demonstrated drug-related activities, and ii) he concluded so solely on the basis of his training, knowledge and experience. The government provides no legal basis for this theory.

---

[2] There is a separate legal holding in *McKenzie-Gude* that the *Leon* good faith analysis should not consider the "subjective beliefs held by" an officer. *United States v. McKenzie-Gude*, 671 F.3d 452, 461 (4th Cir. 2011). The "subjective belief" referred to in that portion of the *McKenzie-Gude* holding referred to the officer's subjective belief that the facts established probable cause. Here, however, government needed to establish SA Conyers' subjective belief that the Omitted Evidence was consistent with drug-related activity.

If the government's legal theory were applied to *McKenzie-Gude*, that court would have then held that because the affiant *already concluded* in the affidavit the defendant resided at the target property based on his training, knowledge, and experience (or some other justification), the court may also conclude the omitted facts demonstrated the defendant resided at the target property based on the affiant's training, knowledge, and experience (or some other justification). *McKenzie-Gude* did not address nor stand for the government's interpretation– nor would it make logical sense to conclude so. Permitting this expansion would open the gates for the government to subsequently cherry-pick and piecemeal the relevant justification provided in the affidavit and subsequently apply it to any or all omitted facts, resulting in a post-hoc determination of probable cause after the search and seizure have already been conducted. This would violate the Fourth Amendment.

Not only was the government factually incorrect in its underlying assumption that SA Conyers concluded Mr. Mobley was engaged in criminal conduct on May 27, but it was also legally incorrect in asserting such an assumption could automatically be applied to the Omitted Evidence without SA Conyers testifying so.

**2. Not Known to the Executing Officers Prior to the Search**

The second prong under *McKenzie-Gude* required the government to establish the Omitted Evidence was known to the officers prior to the search. *McKenzie-Gude*, 671 F.2d at 458. The government failed to establish this element for two reasons. First, the affiant was not the executing officer. Second, the collective knowledge doctrine is inapplicable.

<u>i. The Affiant Was Not the Executing Officer</u>

The defendant argued in his Second Supplemental Brief that *McKenzie-Gude* and a variety of cases that applied *McKenzie-Gude* involved facts where the affiant was also the executing officer. ECF No. 58 at 5-6; see *McKenzie-Gude*, 671 F.2d at 461. In response, the government argued those cases were inapplicable because they did not directly address the

6

issue of whether the affiant *had* to be the executing officer. ECF No. 60 at 3. But it was precisely because those cases involved an executing officer who was also the affiant that makes them relevant. The fact that the courts applied *McKenzie-Gude* in cases where the executing officer was also the affiant supports the defendant's position here. Executing officers' knowledge was an essential fact in reaching the respective holdings in *Campbell* and *Holtzclaw*. See *United States v. Campbell*, No. 7:15-CR-00042, 2016 WL 727110, at *9 (W.D. Va. Feb. 22, 2016), *aff'd*, 677 F. App'x 838 (4th Cir. 2017) ("Once the magistrate approved the warrant request, Detective Lovell had no reason to 'second guess' the magistrate's decision, especially since he was both the affiant officer and the executing officer for the search warrant"); *United States v. Holtzclaw*, 1:18CR46-1, 2018 WL 3128999, at *7 (M.D.N.C. June 26, 2018).

<u>ii. The Collective Knowledge Doctrine Requires Instruction or Communication</u>

The government misinterpreted the defendant's argument as to why the collective knowledge doctrine is inapplicable here. The defendant argued that the collective knowledge doctrine requires *either* a) instruction from an instructing officer in the vicinity to the acting officer to search and seize a particular item *or* b) communication of the facts establishing probable cause from an officer to the acting officer. ECF No. 58 at 6-13. If seeking to apply the doctrine through instruction, the instructing officer must be in the vicinity of the search. *Id.* at 9-10. The government misconstrued the first prong of the defendant's argument as the doctrine requiring either merely that the instructing officer be in the vicinity *and/or* the instructing officer communicates the facts establishing probable cause to the acting officer. Under the correct legal standard, the collective knowledge doctrine is inapplicable here.

**3. The Omission Was Not Inadvertent**

Lastly, *McKenzie-Gude* required the government to establish the omission was inadvertent. *McKenzie-Gude*, 671 F.3d at 461. The defendant argued in his Second Supplemental Brief that SA Conyers' testimony that he "intentionally" excluded the Omitted

7

Evidence placed this omission outside the breadth of inadvertence as required under *McKenzie-Gude*. ECF No. 58 at 13-14. In its response, the government argued the threshold of "inadvertence" is not whether the omission was intentional or not, but rather whether the affiant miscalculated the amount necessary to establish probable cause. The two cases the government cited in support of its argument are distinguishable as both involved a miscalculation of what forms of nexus were necessary to establish probable cause–not criminal activity.

As noted above, probable cause requires the government to establish three forms of nexus between: 1) the defendant and criminal activity; 2) the target property and criminal activity; and 3) the defendant and target property.[3] It follows that one of the sub-requirements of nexus is evidence of criminal activity. The affiants in *McKenzie-Gude* and *Campbell* miscalculated what forms of nexus were required to establish probable cause, wholly omitting one of the three forms. In *McKenzie-Gude*, the affiant included no facts establishing the third form of nexus between the defendant and target property. *McKenzie-Gude*, 671 F.3d at 458. In *Thomas*, the affiant included no facts establishing that evidence of criminal activity would be found in the defendant's phone, wholly omitting the second form of nexus between the target property and criminal activity. *United States v. Thomas*, 908 F.3d 68, 74 (4th Cir. 2018). Neither court addressed whether the omitted facts could also be considered in proving the executing officers' reasonable belief of criminal activity, because this sub-requirement of nexus was already satisfied.

Here, the government is not attempting to establish any form of nexus. Rather, the government asks this Court to consider the Omitted Evidence to demonstrate it was objectively reasonable for the Executing Officers to believe the defendant was engaged in some criminal drug-related activity. *McKenzie-Gude* does not stand to permit this sort of bypassing; its application is limited to instances where the preliminary requirement of establishing evidence

---

[3] See *supra* Section 1 at 2.

8

of criminal activity is already satisfied, but the affiant inadvertently omits facts that would have established one of the three forms of nexus required under probable cause. Because the Omitted Evidence is offered to prove a conclusion unrelated to the three forms of nexus, *McKenzie-Gude* is inapplicable, and the Court should find it cannot consider the Omitted Evidence outside the four corners of the Conyers Affidavit.

## **CONCLUSION**

For the foregoing reasons, this Court should find *McKenzie-Gude* and the *Leon* good faith exception inapplicable.


Date: August 24, 2022                    /s/
                                    Steven H. Levin (Federal Bar No: 28750)
                                    Jung Yong ("Thérian") Lee (Federal Bar No: 22077)
                                    Rosenberg Martin Greenberg, LLP
                                    25 South Charles Street, 21st Floor
                                    Baltimore, Maryland 21201
                                    slevin@rosenbergmartin.com
                                    tlee@rosenbergmartin.com
                                    Phone: (410) 727-6600
                                    Fax: (410) 727-1115

                                    *Counsel for Defendant,*
                                    *Marvin G. Mobley, Jr.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August 2022, a copy of the foregoing Defendant's Reply to Government's Response to Defendant's Second Supplemental Brief in Support of Defendant's Motion to Suppress Evidence was served upon all counsel entitled to service by electronic filing through this Court's ECF system.

                                                          /s/
                                         Steven H. Levin

4886-2851-4351, v. 3